JOHN M. TANNER, APPELLANT, V. GUS HEDGREEN, APPELLEE.

FILED APRIL 18, 1907.  No. 14,759.

Intoxicating Liquors: STATUTES: ENFORCEMENT. Where two statutes relating to the same subject are not repugnant, both should be given force and must be complied with by the parties affected thereby.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. Reversed with directions.

E. W. Simeral, for appellant.

W. J. Connell, contra.

DUFFIE, C.

John M. Tanner, the appellant, is owner and publisher of a daily newspaper published and issued in the city of South Omaha. Gus Hedgreen, the appellee, is a saloon-keeper in South Omaha. He was granted a license to sell liquors in that city from May 1, 1906, to May 1, 1907. He published his notice in the Omaha Evening Bee. Tanner protested against the issue of his license, for the reason that the applicant had not published his notice in a daily newspaper published in the city of South Omaha, and alleging that his paper had been issued and published in said city for 52 consecutive weeks prior to the first of April, 1906, and had a *bona fide* circulation in said city of not less than 200 subscribers, as provided by section

132, ch. 17, laws 1903, known as the charter of cities of less than 40,000. and more than 25,000 inhabitants. The board of fire and police commissioners of the city of South Omaha overruled Tanner's protest, and, upon appeal to the district court, the order of the board was affirmed and the license ordered to issue. From this order the protestant has appealed.

That part of section 132 relating to the publication of applications for liquor licenses is in the following language: "Provided, that the application for a license issued under the provisions of this act, shall have been published for two weeks in a daily newspaper, that has been issued in said city for 52 consecutive weeks prior to the publication of said notice and has a *bona fide* circulation of not less than 200 subscribers." This act took effect April 6, 1903, and, appellant insists, is the law governing publication of notices of application for a license to sell intoxicating liquors. By a later act (laws 1903, ch. 57), taking effect April 8, 1903, the legislature amended section 25, ch. 50, Comp. St. 1901, generally known as the "Slocumb Liquor Law," placing the power to issue liquor licenses in the board of fire and police commissioners in cities of the metropolitan class, and in cities of the first class having more than 25,000 and less than 40,000 inhabitants, and said amended section provides: "That in granting licenses or permits such corporate authorities in cities and villages and the board of fire and police commissioners in such other cities shall comply with and be governed by all the provisions of this act in regard to granting of licenses and all the provisions and penalties contained in this act shall be applicable to such licenses and permits, and the persons to whom they are granted." Section 2 of the Slocumb law provides for the publication of the notice of the application for a license for two weeks in a newspaper published in said county having the largest circulation therein, or, if no newspaper is published in said county, by posting written or printed notices of said application in five of the most public places in the town, precinct,

village or city in which the business is to be conducted. Here, then, are two acts of the legislature relating to publishing notice of application for a liquor license, one in a local paper in cities of the first class having more than 25,000 and less than 40,000 inhabitants, and the general law requiring publication of such notice in the paper having the largest circulation in the county. These acts are not repugnant, and the general rule is that, where two acts are not repugnant, both acts shall stand. In such case, there must be an unmistakable intent manifested on the part of the legislature to make the new act a substitute for the old and to contain all the law on the subject. A mere similarity in the provisions of the two statutes is not enough to effect a repeal, even though the similarity may be such as to cause confusion or inconvenience. 23 Am. & Eng. Ency. Law (1st ed.), pp. 483, 484, and cases cited. Our conclusion therefore is that in cities of the first class, containing more than 25,000 and less than 40,000 inhabitants, the notice must be published in the paper provided by section 132, as well as in the paper having the greatest circulation in the county. This gives effect to both acts, and, there being no repugnancy between them, we think that both should be enforced.

We recommend a reversal of the judgment and remanding the cause for further proceedings not inconsistent with this opinion.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings in accordance with the foregoing opinion.

REVERSED.